**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MacFARLAN | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | **Case No.:** |
| | ) | |
| | ) | |
| v. | ) | COMPLAINT Civil Rights violations under |
| | ) | the First Amendment of the Constitution |
| | ) | and the Rehabilitation Act, 29 USC sec.794; |
| | ) | 42 USC 1983; and state claims |
| THE BOARD OF EDUCATION | ) | |
| SCHOOL DISTRICT 65 | ) | |
| EVANSTON-SKOKIE, ILLINOIS; | ) | |
| HAVEN MIDDLE SCHOOL; | ) | |
| MARGARET ERICKSON; | ) | **JURY DEMANDED** |
| KATHLEEN ROBERSON; | ) | |
| DR. HARDY R. MURPHY; | ) | |
| DR. ELIZABETH FLORES; | ) | |
| DR. MARCY WOLFF CANNEL | ) | |
| MARGARET LENOIR | ) | |

**Defendants.**

## JURISDICTION

1.  This action arises under the First Amendment of the Constitution of the United
    States; the Rehabilitation Act of 1973, Section 504, 29 USC sec. 794; 42 USC 1983
    and state claims.

## PARTIES

2. Plaintiff, Deborah MacFarlan (hereinafter "MacFarlan") is a citizen of the United States, residing in Cook County in the State of Illinois.

3. Defendant, the Board of Education School District 65 (hereinafter District 65") is a recipient of federal funds subject to sec. 504 of the Rehabilitation Act; and a government entity authorized under the laws of Illinois.

4. Defendant, Haven Middle School (hereinafter "Haven") is a middle school in District 65 that administers a special education department of District 65.

5. Defendant, Margaret Erickson (hereinafter "Erickson") is an elected official serving as President of the Board of Education of District 65.

6. Defendant, Dr. Hardy R. Murphy (hereinafter "Murphy") is employed as Superintendent of District 65.

7. Defendant, Kathleen Roberson (hereinafter "Roberson") is Principal of Haven Middle School.

8. Defendant, Dr. Elizabeth Flores, (hereinafter "Flores") is Director of Human Resources of District 65.

9. Defendant, Dr. Marci Wolff Cannel, (hereinafter "Cannel") is ED.D, Special Service of Haven Center

10. Defendant, Margaret Lenoir, (hereinafter "Lenoir") is Director of Student Services

## CLAIMS FOR RELIEF

### COUNT I
### Section 504 of the Rehabilitation Act Violation

11. Plaintiff realleges paragraphs 2 through 10.

2

12. MacFarland was hired as a 7th grade case-manager and first year probationary cross-categorical teacher in District 65 for the 2009-2010 school year and assigned to the most-restrictive, cross-categorical program in the Special Education Program at the Haven Middle School.

13. The Special Education Department at Haven included three teachers and two teacher assistants. MacFarlan's students included Special Needs children who were severely emotionally disturbed, had profound speech and language capabilities and impaired learning abilities. MacFarlan's classroom was on the 3rd floor, far removed from regular education peers. The students were African-American and included both 7th and 8th grade children.

14. MacFarlan's students were the beneficiaries of federal funding subject to section 504 of the Rehabilitation Act, and MacFarlan was within the zone of interest of the Act's requirements for the benefit of her special need students.

15. District 65 and Haven and other defendants intentionally did not provide MacFarlan and students for whom she was responsible with adequate resources, facilities and materials designed for special needs students. Regular education students were provided adequate resources, facilities and materials.

16. District 65 and Haven and other defendants intentionally did not provide MacFarlan with adequate assistance, consultation or supervision to instruct the special needs students who had been assigned to her. Defendants denied MacFarlan access to legally required, up-to-date Individual Education Plans (IEPs) or provided altered IEPs when Plaintiff requested IEPs for her special needs students on several

occasions. The IEPs were necessary for MacFarlan to provide appropriate instruction in a non-discriminatory manner.

17. District 65, Haven and other defendants required MacFarlan to instruct classes to her special needs students solely in Mathematics and Science, both areas in which she was neither endorsed or properly certified to teach despite her notifying her supervisors that she was not properly endorsed or certified to provide instruction in these areas. The Defendants manufactured a "highly qualified" certification on Illinois State Board of Education records over MacFarlan's protests

18. District 65, Haven and other defendants did not respond to MacFarlan after she reported that her students were not provided with special and social services that were equal or equivalent to regular students, appropriate education that was equal or equivalent to that provided to regular students, facilities and materials that were equal or equivalent to regular students. MacFarlan was provided with altered IEP's for her students which she had witnessed being were falsified or were non-compliant with requirements. MacFarlan also observed other violations or other deficiencies such as "mixing" students with varying levels of abilities, ignoring poor students-teacher ratios and requiring her to teach in areas for which she was not endorsed or certified. Defendants did not include MacFarlan in a meeting to discuss a student's IEP before placing the regular education student in her "most restrictive" classroom. Defendants did not provide a safe educational environment for MacFarlan, the teaching assistants and students assigned to her classroom.

19. In response to MacFarlan's reports of discrimination, violations and deficiencies, the Defendants intentionally retaliated against her by "counseling" her for complaining and talking to others outside District 65 staff regarding violations and deficiencies, by failing to support her in matters of student and teacher safety, by "bullying her regarding her case management duties and by failing to repair the phone and "crisis" button which she was unable to utilize during the situation leading to her termination from employment. Defendants also retaliated against MacFarlan by ignoring her and by failing to invite her to meetings for which her attendance was necessary to meet her instructional responsibilities. MacFarlan was directed to attend meetings and to complete administrative duties not necessary to meet her instructional responsibilities. In spite of the dangerous circumstances related to her student conduct and the poor student to teacher ratio that MacFarlan complained of the Defendants took no corrective action and, on several occasions, failed to provide a substitute assistant when her regular assistant was absent, leaving the students and MacFarlan in a unsafe environment. The Defendant's ultimate retaliation came when MacFarlan was discharged by letter dated February 17, 2010 based upon her alleged infraction of rules that she "shoved a student" and "yelled an obscenity at a student". MacFarlan states that the reason for her termination was pretextual in that the circumstances of the incident showed that she was actually attempting to prevent a fight between two students, one of whom was placed in her class without complying with requirements, by putting herself between the students thereby placing herself in harm's way.

**WHEREFORE**, Plaintiff seeks Injunctive relief ordering the Defendants to cease and desist their unlawful practices, compensatory damages and reasonable attorney fees pursuant to 29USC se. 794a (b).

## COUNT II
### Color of State Law Violation, 42 USC sec. 1983

20. Plaintiff realleges paragraphs 11 through 19.

21. The actions of Defendants were done under color of state law.

22. MacFarlan was refused opportunities to participate in IEP's during which she could have made recommendations or disclosed students' needs or program deficiencies to other participants, including parents of the special needs students. She was directed to participate in other IEP meetings wherein IEPs were altered despite Plaintiff's protests. Following such meetings she was presented with IEPs which did not comply with legal requirements.

23. MacFarlan was reprimanded for advocating for students in need of eye glasses to improve their vision.

24. MacFarlan's notice and report of violations and deficiencies and the status of the special needs students' programs were protected under federal law protecting the students' education and MacFarlan's right to free speech under the First Amendment

25. District 65 and Haven and other defendants have had a history of failing to provide a free and appropriate education to all disabled students in a non-discriminatory manner for several years preceding MacFarlan's employment. Defendants have shown a custom, pattern, or practice of attempting to coerce, discourage or prevent employees from disclosing information thereof.

6

26. The Defendants have attempted to restrain MacFarlan's free speech

27. As a proximate result of defendants' discriminatory and wrongful acts, MacFarlan has past monetary losses and will suffer future losses in an amount to be determined at trial.

28. The intentional conduct of Defendants' was illegal or in violation of her rights and should be punished with punitive damages in such an amount as determined at trial.

29. MacFarlan has retained the service of one or more attorneys in this action, and if she prevails is entitled to her reasonable attorney fees pursuant to 42 USC 1988.

**WHEREFORE,** Plaintiff seeks the following relief: reinstatment with her same seniority status Plaintiff would have had but for the violation; back pay with interest and compensation for damages including litigation costs, expert witness fees and reasonable attorney's fees.

## STATE LAW CLAIMS

### COUNT III
### Emotional Distress

30. Plaintiff realleges 2 through 30.

31. The intentional conduct of the Defendants in its retaliatory treatment and termination of Plaintiff has caused her to suffer emotional distress. The Defendants' conduct was extreme and outrageous and they intended to cause or recklessly or consciously disregarded the probability of causing extreme emotional distress. MacFarlan suffered severe emotional distress and Plaintiff alleges that the conduct actually and proximately caused her to suffer emotional distress.

32. MacFarlan suffered from physical symptoms including recurring headaches and upset stomach and loss of sleep. She also experienced crying spells and a sense of

foreboding when she anticipated going to work at Haven. She felt she or her students were in danger of being injured in her classroom as a result of the unsafe environment allowed to exist because of Defendants' rejections of her requests for additional support. She had difficulty in focusing on personal situations because of the distress she was suffering by the demands of her employer and because of being forced to provide instruction in an environment of deficiencies and deviations from legal requirements.

33. As a result of Defendants' intentional conduct, MacFarlan began to seek professional psychological support in dealing with her employment and teaching duties given the fact that her notices were being ignored by Defendants and the retaliatory treatment she received by reason of raising the deficiencies that she and her students experienced.

34. MacFarlan continued to seek professional support following her termination until it was no longer affordable given her loss of income and inability to find employment elsewhere in the educational field.

**WHEREFORE**, Plaintiff seeks compensatory and punitive damages along with reasonable attorney's fees

**COUNT IV**
**Whistleblower Claim Under 740 ILCS 174/1 and**
**State False Claims Act 740 ILCS 175/1**

35. Plaintiff realleges 2 through 35.

36. In violation of the 740 ILCS 10, 15, 20.1 and 740 ILCS 175/3 Defendants attempted to or did retaliate against MacFarlan for disclosing information to her superiors and the State Board of Education and outside parties where the Plaintiff had reasonable

cause to believe that the information disclosed a violation of State, federal law, rule or regulation.

37. In violation of 740 ILCS 175/3, Defendants knowingly presented, or caused to be presented, to an office or employee of the State a false or fraudulent claim for payment or approval for state or federal funds as Defendants' administration of programs for students with special needs which were not in compliance with the relevant laws.

38. In violation of the above cited statutes, Defendants through its officers and agents retaliated against MacFarlan for continuing to raise her issues and concerns that their program administering for special needs students was not in compliance with legal requirement

39. MacFarlan is entitled to the relief provided under 740 ILCS 174/30.

**WHEREFORE**, Plaintiff seeks the following relief: reinstatment with her same seniority status Plaintiff would have had but for the violation; back pay with interest and compensation for damages including litigation costs, expert witness fees and reasonable attorney's fees.

**COUNT V**
**Wrongful Discharge**

40. Plaintiff realleges 2 through 39

41. In violation of the law, Defendant wrongfully discharged MacFarlan for a pretextual and capricious reason to silence her protests to her superiors, the State Board of Education and other interested parties that the Defendant's program for special needs students in her classroom was being administered in a way she believed was a violation of federal and state laws and a mismanagement or misuse of funds.

9

42. MacFarlan's termination from District 65's employment was in retaliation for whistleblowing and for performing acts which are protected by public policy.

43. MacFarlan is entitled for damages for Defendant's wrongful termination of her employment.

**WHEREFORE**, Plaintiff seeks the following relief: reinstatment with her same seniority status Plaintiff would have had but for the violation; back pay with interest and compensation for damages including litigation costs, expert witness fees and reasonable attorney's fees.

Respectfully submitted,
DEBORAH MacFARLAN


By: ___/s/: Nancy J. Richter_____
Attorneys for Plaintiff


THE GLEASON LAW GROUP, PC
Nancy J. Gleason
Judith Anne Gleason
4653 North Milwaukee Avenue
Chicago, IL 60630
Telephone: (773) 282-6500
Facsimile: (773) 282-4011
nr@gleasonlaw.us

Michael W. Chance
Attorney at Law, PC
578 Woodland Lane
Northfield, IL 60093
Telephone 847-940-0181
mchance839@aol.com