IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

DEBORAH MacFARLAN,            )
                              )
          Plaintiff,          )
                              )
     v.                       )   No. 12 C 1137
                              )
BOARD OF EDUCATION SCHOOL     )
DISTRICT 65 EVANSTON SKOKIE,  )
ILLINOIS, et al.              )
                              )
          Defendants.         )

## MEMORANDUM OPINION AND ORDER

Counsel for plaintiff Deborah MacFarlan ("MacFarlan") has employed the common, though conceptually flawed (see NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)), practice of dividing her Amended Complaint ("AC") into a number of counts that assert different theories of recovery (causes of action), rather than the federal concept of separate "claims" spoken of in Fed. R. Civ. P. ("Rule") 10(b) and elsewhere in the Rules.

All defendants--Board of Education of School District 65 ("District 65"), Haven Middle School ("Haven"), Kathleen Roberson Dr. Elizabeth Flores and Dr. Marcy Wolff Canel[1]--have responded by answering a portion of the AC and moving to dismiss other portions: Count I, Count II against District and Haven and Count III. That motion has been fully briefed and is ripe for

---

[1] Dr. Canel's name is misspelled "Cannel" in the AC and its case caption.

decision.

But before this Court launches on the analysis of those disputed matters, a few words should be said about MacFarlan's agreement to dismiss voluntarily her Illinois False Claims Act contention within Count III as well as her Count IV claim against Haven for assertedly wrongful discharge.  This Court orders those dismissals, but the parties differ as to whether such dismissal should be specified as a dismissal with prejudice.

Any consideration of that request by defense counsel brings into play the provisions of Rule 54(b), which states that such a ruling as to fewer than all claims or fewer than all parties is not a final judgment unless the court so directs and accompanies that direction with an express determination that there is no just reason for delay.  Even when that is done, however, the Court of Appeals is free to reject finality on the ground that the decided issues are too closely linked with other issues in the case that remain to be decided (a concept that is related to the general desire to discourage piecemeal appeals).  This Court sees no reason to complicate life by a with-prejudice characterization, so it declines defense counsel's invitation.

On then to the still-live aspects of defendants' motion.  On that score it should be said at the outset that from an attitudinal point of view the approach taken by defense counsel to pleading under the Rules is much like that expressed in Lord

2

Maitland's classic aphorism in his century-old book <u>The Forms of Action at Common Law</u>:

> The forms of action we have buried, but they still rule us from their graves.

By contrast, to this Court the appropriate approach to Rule 12(b)(6) motions calls for the preservation of plausible complaints (applying the <u>Twombly</u>-<u>Iqbal</u> canon) if that does not threaten overkill in the discovery process as to any claims (or theories of recovery) that are the subject of attack.

Just so as to Count I, which seeks recovery under the Rehabilitation Act (29 U.S.C. §704a(a)(2)) for retaliation, not because of MacFarlan's own disability but because she opposed allegedly-disability-based discrimination against the students under her charge as a teacher. That is an issue of first impression in the Seventh Circuit, but cases elsewhere have upheld such contentions--and it is at least arguable that the decision in <u>Jackson v. Birmingham Bd. of Educ.</u>, 544 U.S. 167 (2005), which upheld a third-party retaliation claim based on sex discrimination rather than on disability discrimination, could also support MacFarlan's position here.

Accordingly Count I will not be dismissed. If developments during the life of this litigation were to call for revisiting the issue, this Court would of course do so.

Next defense counsel reads the Complaint too narrowly (that is, without the required inferences in MacFarlan's favor) in

urging that Haven should be knocked out of the case altogether. If Haven is a suable entity at all (a subject that is surprisingly unmentioned by either side), it is certainly a reasonable inference that Haven receives part of the federal funding that District 65 obtains and that is a prerequisite to a Rehabilitation Act claim. But as with the other issue referred to earlier in this paragraph, neither side has cited any authority (or even discussed) whether that brings Haven within the purview of this case.

So once again defendants' motion must be denied on the current record. This time, however, this Court stands ready to take a fresh look at the matter if and when the parties develop the facts and law more fully.

By contrast with their targeting of Haven's status in global terms, defendants' next objection is to the inclusion of District 65 as a defendant to Count II's invocation of 42 U.S.C. §1983 ("Section 1983"). In that respect it is quite true that the Complaint is replete with respondeat-superior-type language that Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978) forecloses as the predicate for institutional liability under Section 1983. But once again the submissions to this Court do not answer the questions whether the individually-named defendants were the ultimate policymakers for District 65 (so that its potential liability is not simply framed

4

in respondeat superior terms) or whether others who were District 65's ultimate policymakers ratified the asserted conduct about which MacFarlan complains.

So here too the state of the record does not call for the relief sought by District 65. Hence defendants' motion to dismiss out District 65 as a Section 1983 defendant is denied without prejudice to its possible renewal when the factual framework is fleshed out more fully.

Finally, defense counsel attacks MacFarlan's Count III, which seeks to advance a state law claim under the Illinois Whistleblower Act, 740 ILCS 174/15(b). MacFarlan's counsel responds by citing Brame v. City of N. Chicago, 2011 Ill.App.2d 100760, 955 N.E.2d 1269 (2d Dist. 2011), which held that a plaintiff could bring an action under that statutory prohibition that an employer "may not retaliate against an employee for disclosing information to a government or law enforcement agency." Defense counsel's attempt to respond in their Reply Mem. 5-6 reflects astonishingly poor scholarship:

> Though the court in Brame found that a plaintiff could bring a cause of action against her governmental employer, the case is not binding on this Court. Federal courts in the Seventh Circuit have consistently held that an action under the Whistleblower Act cannot survive against a Plaintiff's employer, even where, as here, the employer was a board for a public entity. Clark v. Moline Pub. Library, No. 09-4054, 2010 WL 331726, at *4 (C.D. Ill. Jan. 26, 2010); Reidlinger v. Hudson Resp. Care, Inc., 478 F.Supp.2d 1051, 1054 to 55 (N.D. Ill. 2007); Jones v. Dew, No. 06 C 3577, 2006 WL 3718053, at *4 (N.D. Ill. Dec. 13, 2006).

5

But anybody with a law license has to know that _state_ law is what the _state_ legislatures and courts teach, not what federal courts may say about that law. And even aside from the fact that defense counsel's only citations are to District Court decisions (which we are regularly taught by our own Court of Appeals have no precedential force), all of those cases antedate law year's decision in Brame. We do not occupy a topsy-turvy jurisprudential universe in which earlier cases trump later ones. This last facet of defendants' motion is also denied.

## **Conclusion**

Except for the limited voluntary dismissals by MacFarlan's counsel, defendants' motion is denied for the reasons stated here. Defense counsel are ordered to answer the hitherto unanswered portions of the Complaint that have survived this ruling on or before October 29, 2012.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 18, 2012